[Cite as *State v. Bunn*, 2017-Ohio-2903.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-16-1089

    Appellee                                  Trial Court No. CR0201503183

v.

Joseph Bunn                                     **DECISION AND JUDGMENT**

    Appellant                                 Decided:  May 19, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Jeremy W. Levy, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Lucas
County Court of Common Pleas.  In this case, appellant was indicted by the Lucas
County Grand Jury charging him with five counts of use of a minor in a nudity-oriented
material or performance, in violation of R.C. 2907.3232, a felony of the second degree.

{¶ 2} The state of Ohio additionally filed an information against the appellant, charging him with a violation of R.C. 2907.322, pandering sexually oriented matter involving a minor, a felony of the fourth degree.

{¶ 3} Appellant entered a plea of no contest to Count 1 of the indictment and to Count 6, the information filed against him.

{¶ 4} The trial court denied a request to continue sentencing.

{¶ 5} Appellant was then sentenced to a term of imprisonment of 30 months on Count 1 and a term of 17 months on Count 6. The court ordered appellant to serve these terms consecutive to each other.

{¶ 6} Appellant's sole assignment of error is as follows:

1) Appellant's sentence is contrary to law.

{¶ 7} Appellant also presents two issues that are interrelated. The first issue argues that the trial court's findings for consecutive sentencing are not supported by clear and convincing evidence and the second issue argues that the trial court's statement that it considered R.C. 2929.11 and 2929.12 is not supported by the record. We shall consider both issues simultaneously.

{¶ 8} Appellant specifically contends that the court's finding that consecutive sentences were necessary to protect the public from future harm and the further finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct are not supported by the record. He argues that a distinction should be made in this case in that appellant was not accused of creating the material that was downloaded.

2.

{¶ 9} R.C. 2953.08(G) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code."

{¶ 10} Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954).

{¶ 11} The Supreme Court has recently held in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23:

> Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

**{¶ 12}** R.C. 2929.11 states, in relevant part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

**{¶ 13}** Further, R.C. 2929.12 states, in relevant part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the

offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been

unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

(F) The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

**{¶ 14}** In reviewing the enumerated sentencing factors and with a deferential standard of review to the decision of the trial court, we conclude that the individual sentences imposed by the court are not contrary to law as each individual sentence on each charge is within the authorized statutory range. Furthermore, the trial court stated in

9.

its judgment entry that it had considered the record, oral statements and any victim impact statement, as well as statutory principles and purposes of sentencing and the court further balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.

{¶ 15} With respect to the court's imposition of consecutive sentences, that issue is governed by R.C. 2929.14(C)(4), which states, in pertinent part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} The court found in its judgment entry that the imposition of consecutive sentences was necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court also found in its judgment entry that the harm caused was so great or unusual that no single prison term was adequate.

{¶ 17} Although the court is not required to give reasons in support of those findings, the record demonstrates that when the court inquired as to the ages of the people on the downloaded videos, the prosecutor stated that "ages ranged from 15, eight year olds down to a three year old." While a presentence report was not prepared, the court did review a pretrial criminal record check. That record check established that aside from traffic offenses, the appellant had been convicted in 1997 of a nuisance abatement charge and a felony nonsupport of dependents in 2008.

{¶ 18} Despite appellant's minimal criminal record, upon our review, we do not believe the record in this case clearly and convincingly fail to support the trial court's consecutive sentence findings.

11.

{¶ 19} However, our review of the sentencing judgment entry reveals the following finding made by the trial court: "The Court further finds that this offense is an offense of violence pursuant to R.C. 2901.01(A)(9)(a)-(d)."

{¶ 20} R.C. 2901.01(A)(9)(a)-(d) states the following:

(9) "Offense of violence" means any of the following

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A) (9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section.

{¶ 21} We find nothing in the record that reflects any discussion or establishes an obvious basis in support of such a finding in this case. As a result, a remand to the trial court is appropriate for the express purpose of trial court clarification and delineation of the basis of the finding of an "offense of violence" pursuant to R.C. 2901.01(A)(9)(a)-(d) or to amend the judgment entry accordingly. Appellant's sole assignment of error is found not well-taken.

{¶ 22} The judgment of conviction and the sentencing of appellant is hereby affirmed, but this case is remanded for further proceedings for the express purpose of trial court clarification and further delineation of the basis of the finding that this offense is an "offense of violence" pursuant to R.C. 2901.01(A)(9)(a)-(d). Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                                            JUDGE

Thomas J. Osowik, J.

James D. Jensen, P.J.                 _____
CONCUR.                                                    JUDGE

                                      _____
                                                            JUDGE